**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA**

**v.** **CASE NO. 1:26-cr-00022-AW-MAL**

**JOSE MANUEL BARRON**

______________________________/

## STATEMENT OF FACTS

The defendant, Jose Manuel Barron, agrees to the following facts and admits that, if this case were to proceed to trial, the government could prove them beyond a reasonable doubt:

Barron is not a licensed firearms dealer, importer, manufacturer, or collector of firearms.

On June 22, 2019, Barron purchased a Colt Model LE6920 5.56 caliber rifle from a Federal Firearms Licensee (FFL) in Gainesville, Florida. This firearm was never recovered.

On July 28, 2021, Barron purchased a Model M240 SLR 7.62 caliber rifle from an FFL in Tampa, Florida. Barron paid $17,737 in cash, the majority (if not all) of which was provided to him by another person. When Barron purchased this firearm, he falsely represented that he was the actual buyer of a firearm, when in fact, as the defendant then knew, he was buying the firearm on behalf of another

Filed in Open Court
11-3-26
Clerk, U.S. District Court
Northern District of Florida

individual. This firearm was recovered in Culiacan, Sinaloa, Mexico, on November 20, 2025.

On October 16, 2021, Barron purchased a Barrett Firearms Manufacturing ("Barrett") Model 82A1 .50 BMG caliber rifle. Barron purchased this rifle from a civilian at Barron's residence in Colombia County, Florida. To pay for this firearm, Barron used $8,000 that he received from an unknown individual with an account in California. On July 20, 2025, this firearm was recovered in Culiacan, Sinaloa, Mexico.

On February 11, 2022, Barron purchased a Barrett Model M107A1 .50 BMG caliber rifle from a civilian in Gilchrist County. This firearm was recovered in Culiacan, Sinaloa, Mexico on January 20, 2025.

Between June 22, 2019, and February 25, 2022, Barron agreed to and willfully transferred, sold, and delivered each of these firearms to another individual that was not a licensed firearms dealer, importer, manufacturer, or collector of firearms. For each of these transactions, Barron had reasonable cause to believe that the firearms would be transferred outside the State of Florida and to Mexico. Barron specifically agreed to acquire, sell, and transfer the firearms to an individual that Barron knew was Mexican and resided in Mexico. Barron further agreed to transfer the firearms to the purchaser's friend, so that Barron himself would not have have to take the firearms across state lines.

## **Elements**

The Defendant can be found guilty of Count 1 only if all the following facts are proved beyond a reasonable doubt:

(1) Two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) The Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) The overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

11th Cir. Std. Jury Instr. O13.1.

The elements of Transferring a Firearm to Nonresident are:

(1) The Defendant willfully transferred, sold, or delivered a firearm to another person;

(2) At the time, neither the Defendant nor the person who received the firearm was a licensed firearms dealer, importer, manufacturer, or collector; and

(3) The Defendant knew or had reasonable cause to believe that the person who received the firearm resided in another state.

11th Cir. Std. Jury Instr. O34.2.

The elements of False Statement to a Firearms Dealer are:

(1) the Defendant bought or tried to buy a firearm from a federally licensed firearms dealer;

(2) the Defendant knowingly made a false or fictitious statement, orally or in writing that was intended or likely to deceive the dealer; and

(3) the subject matter of the false statement was material to the lawfulness of the sale.

11th Cir. Std. Jury Instr. O34.3.

Based upon the facts presented above, which are not intended to be exhaustive for this case, the defendant agrees that, if this case were to proceed to trial, the government could prove each of these elements beyond a reasonable doubt.

JOHN P. HEEKIN
United States Attorney

Christopher Jones
Attorney for Defendant

Adam Hapner
Assistant United States Attorney

11/3/26
Date

Jose Manuel Barron
Defendant

11/3/26
Date